## JACOX v. STATE HIGHWAY COMMISSIONER.

1. EMINENT DOMAIN—CONDEMNATION PROCEEDINGS—DETERMINATION OF NECESSITY—REVIEW BY CERTIORARI.
    The right to review by certiorari is an adequate review of a determination of necessity in condemnation proceedings for the taking of private property for public highway purposes (CL 1948, § 213.197).

2. SAME—REVIEW OF DETERMINATION OF NECESSITY—CERTIORARI EXCLUSIVE REMEDY.
    Right to review by certiorari the determination of necessity for the taking of private property for public highway purposes is the exclusive remedy provided by statute (CL 1948, § 213.-197).

3. SAME—DETERMINATION OF NECESSITY A JUDGMENT.
    The highway commissioner's determination of necessity for taking lands described for limited access highway purposes is a judgment of necessity of taking for such purposes (CL 1948, § 213.174).

4. SAME—JUDGMENT OF NECESSITY—RES JUDICATA—NOTICE—INJUNCTION.
    Judgment of necessity for the taking of described land in fee for limited access highway purposes and an easement in

---

REFERENCES FOR POINTS IN HEADNOTES
[3-5] 18 Am Jur, Eminent Domain § 367.

certain other described land for highway easement for construction of a service road in condemnation proceedings held pursuant to clear notice of such intended taking precluded the adjudication of matter of notice in a subsequent injunction suit, since the issue as to adequacy of notice and scope of proceedings could have been adjudicated in the condemnation case (CL 1948, § 213.174).

5. Same—Judgment—Scope—Defenses.

All defenses to a proposed taking of private property for public highway purposes must be made in the condemnation proceedings by way of which the property is sought to be taken (CL 1948, § 213.171 *et seq.*).

Appeal from Wayne; Miller (Guy A.), J. Submitted June 12, 1952. (Docket No. 33, Calendar No. 45,414.) Decided September 4, 1952.

Bill by Earl F. Jacox and wife and Jacox Realty Corporation against Charles M. Ziegler, State Highway Commissioner of the State of Michigan, to restrain defendant from limiting or prohibiting access over certain land. Bill dismissed on motion. Plaintiffs appeal. Affirmed.

*Ross & Ross* (*Tinkham & Snyder,* of counsel), for plaintiffs.

*Frank G. Millard,* Attorney General; *Edmund E. Shepherd,* Solicitor General, and *A. Floyd Blakeslee* and *Eugene F. Townsend,* Assistants Attorney General, for defendant.

Sharpe, J. Plaintiffs, Earl F. Jacox, Ruth C. Jacox, and Jacox Realty Corporation, began the instant chancery suit in the circuit court of Wayne county, to enjoin Charles M. Ziegler, State highway commissioner, from limiting or prohibiting plaintiffs from access over, from or to the northerly 33-foot strip of property as described in their bill

of complaint, and from exercising any easement of right-of-way over the south 50 feet of the northerly 83 feet of plaintiffs' property as a service road, until such time as defendant has acquired the title in fee simple of all service roads, and until such time as defendant has separated the grades of all intersecting county and State roads.

The following facts are agreed upon:

### "Settled Case and Record

"1. Plaintiffs are the owners in fee of approximately 40 acres of land in the township of Van Buren, Wayne county, Michigan, situated about one-half mile from the city of Belleville and located at the southeast corner of the intersection of State trunk line highway M-112 abutting on the north and Belleville road, a county road, abutting on the west of the property.

"State trunk line highway M-112 is a 2-lane highway, formerly called Chase road, a section line road, the center of which is the north boundary of plaintiffs' property.

"2. That defendant is the duly elected and qualified highway commissioner of the State of Michigan.

"3. On or about May 25, 1950, defendant, under his designated project No. 82–93, pursuant to the provisions of PA 1925, No 352, § 4, as amended, executed a "Notice of hearing on necessity," wherein it was proposed to improve Chase road, named as state trunk line highway M-112, by constructing a service road between Belleville road at the west to Hannan road at the east over and across certain lands, including plaintiffs' lands, designating therein 1 parcel of land 33 feet in width across the northerly end of plaintiffs' property, to which title in fee simple was to be taken, said strip being part of Chase road, or M-112, and a second parcel 50 feet in width lying south of said 33-foot parcel and across plaintiffs' property to which a highway easement was to be taken. Project No. 82–93 includes

M-112 from Belleville road on the west to Hannan road on the east, a distance of 2 miles.

"4. On June 19, 1950, defendant made his determination of necessity and damages for taking such property, and thereafter, on June 28, 1950, duly recorded the same in the county of Wayne.

"5. On July 25, 1950, defendant filed his petition requesting the appointment of court commissioners with the probate court of Wayne county.

"6. Testimony affecting the parcels belonging to plaintiffs was commenced on February 5, 1951, at which time an employee and engineer of defendant, C. H. Brown, testified that in the proceedings then in question, it was the intention of defendant to establish a limited access highway of the 33-foot strip, title to which was being taken in fee simple, across the north end of plaintiffs' property, over, from and to which plaintiffs were to be immediately limited and prohibited from having any access on account of their remaining property abutting on said highway, such limitation to be effected by a ditch, posts, or posts and cables; and that the 50-foot strip abutting and to the south of said 33-foot strip across plaintiffs' property, to which a highway easement was to be taken, was to be a service road, a gravel road to be used to serve the abutting property owners, because access to the cement portion of the high-way was to be limited to certain points, presently designated by defendant as Belleville road and Morton Taylor road. Such testimony further disclosed that the said 33-foot strip across the north end of plaintiffs' property was then and still is approximately the south half of Chase road or the Express-way, so-called, and designated as Michigan State highway M-112, upon which is the eastbound paved lane of said highway.

"7. Such testimony further disclosed that said Belleville road running along the west side of plaintiffs' property, and also Morton Taylor road, 1 mile to the east of Belleville road, now intersect Michigan State highway M-112 at grade, and that it is not

the intention of defendant in the present project No. 82–93 to separate the grades of Belleville road, and Morton Taylor road from the limited access highway, nor will the same be done for some extended period.

"8. Such testimony also disclosed that Belleville road and Morton Taylor road are county roads and not a part or portion of the proposed limited access highway system.

"9. Immediately upon the disclosure of such testimony, plaintiffs moved the probate court to dismiss the proceedings, but upon reference to the statute (CL 1948, § 213.189 [Stat Ann 1951 Cum Supp § 8.190]) under which such condemnation proceedings were brought, it was disclosed that no such authority rested in the probate court, and said motion was denied without objection. Whereupon the bill of complaint in this case to enjoin defendant from limiting plaintiffs' access to Michigan State highway M-112, and particularly that part thereof being the north 33 feet of plaintiffs' property, from the rest of plaintiffs' property abutting thereon, and from exercising any easement of right of way over the 50-foot strip to the south of said 33-foot strip, until defendant had separated the grades from said proposed limited access highway of Belleville road and Morton Taylor road, and had acquired title in fee simple to service roads and other roads being a part of said limited access highway system, was filed by plaintiffs.

"10. The proceedings in the Wayne county probate court before the court commissioners have been adjourned pending the outcome of these proceedings.

"11. On the northwest corner of plaintiffs' property, the same being the southeast corner of the intersection of Michigan State highway M-112 and Belleville road, plaintiffs in 1946 constructed a large service station, which is the last gasoline station between Belleville road and Wyoming avenue in Detroit along Michigan State highway M-112. Included in the service station are a restaurant and

bus and truck stop. Access to the station off M-112 is made at Belleville road from the eastbound lane of M-112. Access to the eastbound lane of M-112 from the station is at a point some hundreds of feet to the east of Belleville road. There are red and green stop and go traffic lights at the Belleville road intersection above the east and west traffic lanes of M-112. With limited access established, eastbound traffic would enter said station from M-112 by way of Belleville road and could not return to M-112 at a point some hundreds of feet east of the station as at present. It was stipulated at the hearing before the circuit court in this proceeding that there was injury and damage in sufficient amount to confer jurisdiction in the court so far as the amount of injury and damages are concerned, and further stipulated that Belleville road and Morton Taylor road, and Hannan road are county roads and not part of the proposed limited access highway system, and that they are not going to be separated as to grades in the immediately foreseeable future."

Defendant filed an answer to plaintiffs' bill of complaint, which contained a motion to dismiss the bill of complaint. The reasons stated in the motion to dismiss are as follows:

"1. The bill of complaint fails to state a cause of action.
"2. The determination of compensation for damages to plaintiffs' property rests with the probate court of Wayne county under the provisions of PA 1925, No 352, as amended.*
"3. No review of the determination of necessity by certiorari has been sought under the provisions of the aforesaid act, said determination having been made by defendant June 19, 1950.
"4. No objection to the petition for the appointment of court commissioners to fix compensation for

---

* CL 1948, § 213.171 *et seq.* (Stat Ann and Stat Ann 1951 Cum Supp § 8.171 *et seq.*).—REPORTER.

damages was made by plaintiffs in said probate court.

"5. Plaintiffs by their aforesaid conduct have waived any and all objections sought to be raised by said bill of complaint.

"6. The provisions of said PA 1925, No 352, as amended, control the rights of the parties herein and a court of equity will not intervene where a specific and appropriate remedy is provided and available."

On August 7, 1951, the trial court entered a decree dismissing plaintiffs' bill of complaint. Plaintiffs appeal and urge that they are entitled to an injunction against use of the 33 feet for limited access highway purposes until the grades of intersecting roads are separated, and an injunction against the use of the 50 feet until the fee is acquired.

Plaintiffs admit that a taking for limited access purpose is lawful and raise no question concerning the regularity of the procedure adopted to effectuate a taking by determination of necessity pursuant to sections 4, 5 and 6 of PA 1925, No 352, as amended (CL 1948, §§ 213.174, 213.175 and 213.176 [Stat Ann 1951 Cum Supp §§ 8.174, 8.176, 8.177]).

It is the position of defendant that the determination of necessity pursuant to PA 1925, No 352, § 4, as amended (CL 1948, § 213.174), coupled with the right of review by certiorari pursuant to PA 1925, No 352, § 27, as amended (CL 1948, § 213.197 [Stat Ann 1951 Cum Supp § 8.198]), is a prior judgment.

The right to review by certiorari is an adequate review of a determination of necessity; see *Ziegel* v. *Genesee Board of County Road Commissioners,* 241 Mich 161. Such right is the exclusive remedy under the statute, see *Allen* v. *Rogers,* 246 Mich 501. It follows that the determination of necessity of taking the lands described for limited access highway purposes is a judgment of the necessity of taking for such purposes. In the case at bar the notice

of hearing in the condemnation case apprised plaintiffs that "it is proposed to improve State trunkline highway M-112 by constructing a service road between Belleville and Hannan roads." The property was designated as "the title in fee simple for limited access highway purposes, in, over and upon, all of the north 33 feet of the parcel of land" and including, "for a highway easement in, over, and upon all of the south 50 feet of the north 83 feet" of the same land as that from which the north 33 feet was to be required.

From the above it clearly appears that plaintiffs were notified of the fact that the State highway commissioner proposed to take certain lands for limited access highway purposes and to take an easement for the construction of a service road.

It also appears that plaintiffs in their suit in equity seek to adjudicate matters which were subject to adjudication in the condemnation case. The claim made by plaintiffs that they had no notice that "access to property" was to be taken, is without merit. In *Sandusky Grain Co.* v. *Sanilac Circuit Judge,* 184 Mich 126, we held that *all defenses* to the proposed taking must be made in the condemnation proceedings. Plaintiffs should have raised this issue in the condemnation proceedings. It now comes too late. See *Farmers Fire Insurance Co.* v. *Johnston,* 113 Mich 426.

The decree of the trial court is affirmed, with costs to defendant.

Dethmers, Butzel, Carr, Bushnell, Boyles, and Reid, JJ., concurred.

The late Chief Justice North did not sit.