STATE HIGHWAY COMMISSIONER *v.* SPECKER.

1. Eminent Domain—Just Compensation—Part of Parcel—Diminution in Value.

Just compensation in condemnation proceedings whereby only part of a parcel is taken is not measured by proportionate acreage but by the amount to which the value of the property from which it is taken is diminished.

2. Same—Evidence—Assessed Valuation.

Admission of testimony as to assessed valuation of property of which a part was taken did not constitute reversible error, where it is apparent that the commissioners disregarded such testimony by awarding $6,335 and the testimony shows that the assessed valuation before the taking was $3,450.

3. Same—Tender—Bona Fide Effort to Purchase.

A tender of $7,000 to defendants from whom plaintiff took 3.77 acres and buildings on dairy farm of 73.58 acres constituted a bona fide effort to make a purchase before condemnation, where it appears that commissioners allowed defendants $6,335.

4. Same—Determination of Necessity—Finality.

The determination of necessity in condemnation proceedings for highway purposes is final unless reviewed directly on certiorari in advance of the appointment of commissioners on damages (CL 1948, § 213.171 *et seq.*)

---

References for Points in Headnotes

[1, 2] 18 Am Jur, Eminent Domain § 265.
[1] 18 Am Jur, Eminent Domain § 270.
[1] Compensation for diminution in value of the remainder of property resulting from taking or use of adjoining land of others for the same undertaking. 170 ALR 721.
[3] 18 Am Jur, Eminent Domain § 319.
Eminent domain: What is sufficient attempt to agree on compensation. 8 ALR 471.
[4] 18 Am Jur, Eminent Domain §§ 106, 107.
[5] 18 Am Jur, Eminent Domain § 339.

5. Same—Damages—Evidence—View of Premises.
    Award of damages of $6,335 for the taking for highway pur--
    poses of 3.77 acres and buildings on dairy farm of 73.58·
    acres *held,* proper, under record made and in view of the·
    fact that the commissioners viewed the premises.

Appeal from Marquette Probate Court. Submit-
ted January 4, 1955. (Docket No. 5, Calendar No.
46,100.) Decided March 9, 1955. Rehearing denied
December 1, 1955.

Condemnation proceedings by Charles M. Ziegler,.
State Highway Commissioner, against Joseph
Specker, Minnie Specker, Clarence Specker and
Anne Specker. From determination of compen-
sation, defendants appeal. Affirmed.

*Thomas M. Kavanagh,* Attorney General, *Ed-
mund E. Shepherd,* Solicitor General, *Victor H..
Meier,* Assistant Attorney General, for plaintiff.

*George C. Quinnell,* for defendants.

Reid, J. On leave granted defendants appeal in
the nature of certiorari from an order of the probate
court for the county of Marquette dated December
1, 1953, confirming the award of commissioners in
condemnation proceedings made on October 13, 1953..
Defendants and appellants Clarence Specker and
Anne Specker were owners of the fee of the lands
taken, subject to the life estate of defendants Joseph
Specker and Minnie Specker.

The proceedings were taken pursuant to PA 1925,
No 352, as last amended by PA 1942 (2d Ex Sess),
No 21 (CL 1948, § 213.171 *et seq.* [Stat Ann 1953
Cum Supp § 8.171 *et seq.*]).

The lands taken consist of 3.77 acres, from a farm
which contained 73.58 acres before the condemna-
tion. The taking of the land was for the relocation
of highway US–41 for the purpose of building a

new bridge and approaches at the Chocolay river at a point about 2 miles north of Scandia in Marquette county. Prior to and after the taking the farm was primarily used as a dairy farm. The taking was in fee simple including all buildings, structures, trees or other improvements to the land taken.

The State highway commissioner, plaintiff, prior to May, 1953, attempted to negotiate the purchase of the land and made what the plaintiff claims was a reasonable offer for the lands. The State offered $7,000; the award made by the commissioners was $6,335. It is the claim of the plaintiff that the award of $6,335 was within the range of competent testimony. Plaintiff's witness, Mr. Davis, testified that the true market value of the Specker farm prior to taking was $9,500 and that the true market value after the taking was $4,500. Mr. Closser, a witness for plaintiff, testified that the true market value after the taking was $4,250. The competency of both witnesses, Davis and Closser, on real-estate market values in the vicinity of the lands in question was shown. The 2 witnesses examined in considerable detail the buildings inside as well as outside in making up their appraisals, as well as considering all the various important matters affecting the entire farm, before the taking and also the situation that would result from the taking.

Apparently, the barn, equipment shed and blacksmith shop as well as chicken coop, were rendered by the close proximity of the new location of highway, less useful. On the lands taken were located 2 houses, a garage, an orchard covering about 1/2 acre, with 55 fruit trees, also there were on that strip taken, 2 wells of 80-foot depth, with 5-inch casings.

To substantiate their claim that the award of damages was grossly inadequate, defendants rely on their witness' testimony of the sum of the values of separate items, *i. e.,* of the larger, older house, of

the new house, of the barn, blacksmith shop, chicken coop, the 2 wells, et cetera, and not on testimony of the value of the farm before and after the taking, considered as an entirety.

The plaintiff claims that the measure of damage in a partial taking is stated in *In re Widening of Fulton Street*, 248 Mich 13, 20 (64 ALR 1507), as follows:

"The rule for compensation has been announced by this Court as follows:

" 'Where only a part of a parcel is taken, just compensation is not measured by proportionate acreage but by the amount to which the value of the property from which it is taken is diminished.' *Johnstone v. Detroit, Grand Haven & Milwaukee Railway Co.*, 245 Mich 65, 81 (67 ALR 373)"

The rule in the *Johnstone Case* is cited with approval in *In re Widening of Michigan Avenue*, 280 Mich 539, 548.

Defendants deny that plaintiff made a bona fide effort to purchase before the condemnation, citing *Fitzsimons & Galvin, Inc., v. Rogers*, 243 Mich 649. Defendants further claim that the appraisal by plaintiff's witnesses was based on market value but that the statute, PA 1931, No 323 (CL 1948, § 213.- 271 [Stat Ann § 8.241]), requires that the owner be reimbursed for the full value of any building, structure, tree or other improvement located in whole or in part upon the land taken, and that the award in question failed to compensate the owner for such full value. Defendants further claim that the testimony of plaintiff's witnesses respecting value of the parcel taken should be disregarded because not properly based on a true consideration of the value of the buildings included in the parcel taken.

Defendants further claim that prejudicial error was committed on the part of the commissioners in

admitting over the objection of the land owners, testimony of the assessed valuation of the farm. The assessed valuation of the entire farm before the taking as given in testimony was $3,450. The commissioners allowed $6,335, so it is evident they disregarded the testimony as to the assessed value. We do not consider that the admission of this testimony amounted to reversible error.

Plaintiff tendered to the interested parties, who are residents of the said county, $7,000 for the parcel taken. In view of the award by the commissioners, the tender was proper.

Defendants claimed damages in the sum of $22,169.14, and claim they should have received for the large house taken, $8,914.79, not including the items of plumbing, well or electric wiring. The basement of the larger house was old, had no concrete floor; the furnace was an oil drum, described by Clarence Specker, one of defendants, as "a drum like they used to use in camps, grates in it and a factory-made door and draft, and a collar from the heating shop put on the drum, and regular pipes to the chimney, and a hot water coil inside for heating the water, and built up with stone and brick." The house contained 5 rooms and a bath. It was 40 years old; the walls were plastered, hardwood floors in the living room and linoleum in the kitchen, with also a milk house built at the back entrance. The exterior of the house was extremely dilapidated in appearance.

Defendants claim that because there is no showing in the record of the details of the testimony taken on the hearing on determination of necessity, we must presume the determination of necessity is void, and cite *L. A. Darling Company* v. *Water Resources Commission,* 341 Mich 654. The determination of necessity is final unless it is reviewed directly on certiorari in advance of the appointment of commis-

sioners on damages. See *In re State Highway Commissioner,* 252 Mich 116, 122; also, *Jacox v. State Highway Commissioner,* 334 Mich 482, 488.

We conclude that the plaintiff made a fair effort at arriving at an agreement with defendants and that the determination of necessity is valid and binding. The commissioners viewed the premises; their award was properly made as compensation for defendants' damages by reason of the taking. The award is affirmed. Costs to plaintiff.

Carr, C. J., and Butzel, Sharpe, Boyles, Dethmers, and Kelly, JJ., concurred.

Smith, J., took no part in the decision of this case.