115 So.2d 19 (1959)
DADE COUNTY, a political subdivision of the State of Florida, Appellant,
v.
Willie LITTLE et al., Appellees.
No. 58-685.
District Court of Appeal of Florida. Third District.
October 19, 1959.
*20 Darrey A. Davis, County Atty., and William W. Gibbs, Asst. County Atty., Miami, for appellant.
Brigham, Wright & Rearick, Miami, for appellees.
HORTON, Chief Judge.
As a result of a condemnation proceeding, an order was entered by the trial court determining that the appellees, Abraham Gouz and wife, were entitled to an award of compensation for certain real property taken by the appellant for highway purposes.
The facts are undisputed and, briefly, are as follows. In May, 1942, the City of Hialeah, as a result of a certain tax lien foreclosure against the property in question, deeded the land to J.W. James and his wife. Subsequent thereto, and as a result of the delinquency in payment of taxes assessed against said property by the Board of Commissioners of the Everglades Drainage District (hereinafter referred to as the District), fee simple title to the property reverted to said District by virtue of the provision of Ch. 298 App. § 1530 (113) (i) Fla. Stat., F.S.A. The District, on June 3, 1944, conveyed the property to J.W. James and wife. The deed contained inter alia, the following reservation:
"And also saving and reserving unto the State of Florida easement for State Road Right-of-Way two hundred feet (200') wide lying equally on each side of the center line of any State Road existing on the date of this deed through so much of any parcel herein described as is within one hundred feet (100') of said center line, * * *."
It is conceded by both parties that at the time of the aforesaid conveyance to James and wife, there existed a state road over the lands in question. On August 20, 1946, J.W. James and wife deeded the property to the appellees, Abraham Gouz and wife.
Both parties to this appeal assert in their briefs that should the reservation be held valid, the appellees will take nothing as damages since the entire parcel is included *21 within the reservation; while on the other hand, if the reservation be held void, the appellees would be entitled to the full award made by the jury.
The trial judge declared the reservation to be void and unenforceable. In view of the ruling of the trial judge and the facts as recited hereinabove, the main question on this appeal is whether or not the reservation in question is valid.
The appellant contends the reservation is valid and that the appellees are estopped to attack the validity of the reservation under the doctrine of estoppel by deed. On the other hand, the appellees contend that the District had no lawful authority to make such reservation for road right of way purposes in a drainage deed; that such reservation was not to the grantor in the deed but in favor of a stranger to the deed; and lastly, that the county should be equitably estopped, by reason of time and the erection by the appellees of improvements on the property, to enforce the reservation.
In describing the status of the District, the Supreme Court of our state, in Martin v. Dade Muck Land Co., 95 Fla. 530, 116 So. 449, 464, said:
"The Everglades drainage district is a statutory subdivision of the state for special governmental purposes."
Again in that case, the court said:
"While the Everglades drainage district is a state agency, it is utilized not for general governmental purposes. * * *"
Such powers as were possessed by the District are contained in the provisions of Chapter 298, Fla. Stat., F.S.A. Among these powers delegated by the legislature of the state was the power to levy and collect taxes upon properties lying within a defined area. To enforce the collection of the taxes levied, the District was vested with fee simple title to all land upon the non-payment of taxes for a specified period of time, and authority to sell said land for the best price obtainable and for cash or upon terms and security to be approved by the District.
In the instant case, the District sold the property to the former owners  James and wife  at a time when it was vested with fee simple title. While the District has been recognized as a governmental agency of the state for certain defined purposes, it is in no less sense, however, an arm or instrumentality of the sovereign state. See Martin v. Dade Muck Land Co., supra, and City of Miami v. Lewis, Fla. App. 1958, 104 So.2d 70, 72. The appellees contend that since the easement or reservation sought to be created by the deed in question was in favor of a stranger to the deed, such reservation would be void. This contention, we think, would be tenable if it were premised upon a conclusion that the District was not an agency or instrumentality of the State of Florida. Having been created by the legislature of Florida, through the powers delegated to that assembly under the Constitution of our state, we conclude that the State of Florida was not a stranger to the deed or to the title. The reservation as made did not conflict with the powers and authority granted to the District nor was it inconsistent with the general rule that prohibits a reservation in favor of a stranger to a deed. See 16 Am.Jur., Deeds, § 299, and Annotation, 39 A.L.R. 129.
Upon the question of estoppel, the appellees urge that they had been permitted to erect a dwelling or buildings on the property covered by the easement in question, and that since they were permitted under authority of the county to construct such improvements, the county was therefore estopped to make claim that the easement pre-empts the right of the appellees in the land. In addition, the appellees urge, and it appears to be admitted, that they have occupied the land for many years and have been in possession thereof with approval, *22 although tacit, of the county authorities with no disturbance of possession through the years by such authorities, or any warning or notice that the land might be appropriated for highway purposes.
On the other hand, the appellant contends that the appellees are estopped by reason of having accepted the benefits under the deed from the District and therefore, under the doctrine of estoppel by deed, cannot deny the reservation contained in the deed of their predecessors in title. On this point, we conclude that the appellant's contention is supported by logic and reason as well as the majority view throughout this country. The general rule found in 31 C.J.S. Estoppel § 38f is:
"The grantee in a deed will be concluded by recitals therein limiting the quantity or extent of the interest conveyed and making reservations in favor of the grantor or third person."
A corollary of this rule is succinctly expressed in 19 Am.Jur., Estoppel, § 21:
"Estoppel of the grantee of a deed, viewed generally, is of the nature of equitable estoppel rather than technical estoppel by deed, since the estoppel is not predicated primarily on the execution of a formal written instrument which cannot be denied or rebutted, but rather on the inability of a person, in the eyes of the law, to acquiesce in, and enjoy the benefits of a transaction and at the same time reject the accompanying burdens. A person cannot claim under an instrument without confirming it. He must found his claim on the whole, and cannot adopt that feature or operation which makes in his favor, and at the same time repudiate or contradict another which is counter or adverse to it."
Florida has apparently followed this rule as is evidenced in the cases of Kerivan v. Fogal, 156 Fla. 92, 22 So.2d 584, and Alexander v. Colston, Fla. 1953, 66 So.2d 673.
In opposition to these authorities, and in support of their argument of equitable estoppel, the appellees contend that the cases of Daniell v. Sherrill, Fla. 1950, 48 So.2d 736, and Trustees of Internal Improvement Fund v. Claughton, Fla. 1956, 86 So.2d 775, are controlling. We have carefully considered these cases and are unable to agree that the doctrine enunciated therein is applicable to the facts in this case. However, in the Daniell case, the Supreme Court of Florida did, in addition to the doctrine of equitable estoppel, invoke the doctrine of estoppel by deed against an agency of the State of Florida. The factual situation in the Daniell case certainly warranted the invocation of estoppel by deed where the state had issued a tax deed and then attempted to repudiate by its conduct and actions the recitals in the deed to which it was a party. No such circumstances or facts exist in the case at bar. The appellees knew or should have known of the reservations in the deed for the same had been of record more than two years prior to their purchase. Since the property sought to be condemned is within the area reserved, the appellees' damages, if any, would be nominal. See Ahlheit v. State Road Dept. of Florida, Fla.App. 1959, 114 So.2d 623.
Accordingly, the order appealed from is reversed.
PEARSON and CARROLL, CHAS., JJ., concur.