PEARSON, Judge.
The appellants were defendants to a petition in an eminent domain proceeding. The county sought the fee simple title for the purpose of providing approaches to a limited access highway. Defendants’ property fronts for some 100 feet upon the Miami River Canal and is approximately 68 feet deep. The county already owned an unused right-of-way easement for highway purposes which covered 50 feet of the 68 feet depth mentioned. A residence on the prop *24 erty was partly upon land covered by the easement.
Shortly after the beginning of the trial the trial court ruled that the county would not have to pay the defendants for any part of the land upon which the state owned a highway easement.[1] As the trial proceeded the county’s experts, in testifying as to the value of the property, excluded that portion covered by the highway easement. One of defendants’ experts testified to the value of the property without regard to the easement and the other testified that the value of the property was the same with or without the easement. The trial resulted in a verdict of $8,350 for defendants’ parcel.
After verdict the following proceedings were had: First, the county, being dissatisfied with the amount of the verdict, filed “petitioner’s motion for new trial or to amend judgment as to parcel 5-13”. Second, pursuant thereto, the court entered its order “amending judgment as to parcel 5-13”. This order recited that the judgment was amended to conform to the evidence upon the ground that the maximum award supported by the evidence was $5,530. Third, the defendants then filed a motion for a new trial. Fourth, this last motion was denied by the trial court. Fifth, notice of appeal was filed by the defendants to review the “order amending judgment as to parcel 5-13.”[2]
It is the appellants’ contention that the court erred in entering its order amending the final judgment by substituting the amount of $5,530 for the $8,350 compensation allowed by the jury. Ordinarily the determination of the amount of compensation to be paid for a taking of property under eminent domain proceedings is for a jury.[3]
The trial judge undeniably has a right,[4] under Rule 2.8(d), Florida Rules of Civil Procedure, 31 F.S.A.,[5] to amend a judgment to conform to the evidence when the evidence is clear, sufficient and without conflict upon the point covered by the-amendment.
Thus the question presented to us is. whether there was substantial evidence upon which the jury could have reached a value-greater than the $5,530 testified to by the expert presented by the county. Defendants’’ two witnesses testified that the land and house being condemned were worth $12,400 and $12,100 respectively. One of defendants’ witnesses testified that he knew of the existence of the easement. The county-made no objection to this evidence and it. was a part of the evidence submitted to the-jury. The jury after hearing the experts- and viewing the land in question set a value of $8,350 as a just compensation,[6] which amount was approximately $4,000 less than the figure set by defendants’ experts and. *25 approximately $3,000 more than the figure set by the county’s experts.
We must, therefore, reverse the trial court’s order amending judgment as to parcel 5-13 and this cause is remanded with directions to reinstate the judgment based upon the award of the jury.
Reversed and remanded with directions.
HORTON, C. J., and CARROLL, CHAS., J., concur.

. Accord, Dade County v. Little, Fla.App. 1959, 115 So.2d 19. See Ahlheit v. State Boad Dept, of Florida, Fla.App. 1959, 114 So.2d 623; 5 Nichols, Eminent Domain § 16.101(4); cf. Orgel, Valuation Under Eminent Domain § 111. See eases collected at IS Am.Jur., Eminent Domain 189; 29 C.J.S. Eminent Domain § 157(b), (2), (a); 17 A.L.B. 1249.

. Upon motion to dismiss appeal this court held that the “order amending judgment as to parcel 5-13” was the judgment of the court within the meaning of Section 73.14, Fla.Stat., F.S.A., q.v.

. Art. 16, § 29, Fla.Const., 26 F.S.A.; § 73.10. Fla.Stat.. F.S.A.

. Rule A, 1954 Florida Rules of Civil Procedure, 30 F.S.A. Peeler v. Duval County, Fla.1953, 66 So.2d 247, 250.

. “Motion to Amend Judgment. Within 10 days after the rendition of a verdict, either party may move the court to alter or amend the judgment to conform to-the evidence and the law, where the same-can be lawfully done without a new trial, or such motion may be served with a motion for new trial, in the alternative. The court may, within such time, alter or amend a judgment for like reasons of its. own initiative.”

. § 73.10(2), Fla.Stat., F.S.A.