John P. Gualtieri, J.
In this appropriation case the court has concluded that the claimant has been damaged in the sum of $47,723.60.
The State has interposed a counterclaim herein in the sum of $2,235, alleging that the claimant remained in possession of the appropriated property from March 3,1966, the vesting date, to August 8, 1966, and claims that the fair and reasonable rent was $430 per month. This is substantially the economic rent used by the State’s appraiser in his income approach to value.
*13 Subdivision 13-c of section 30 of the Highway Law authorizes the State to charge reasonable rent. The Superintendent of Public Works can make lease arrangements with anyone in possession, or he is free to rent property to anyone else.
The question presented therefore is what will be considerd ‘ ‘ reasonable rent ’ ’. As desirable as it may be to make it possible for the State to reduce the high cost of public improvements by deriving some income from appropriated properties until they are needed for the construction project, it nonetheless is the function of the court to determine what is reasonable rent under the actual circumstances prevailing. Those circumstances are that the State, here in the position of landlord, can generally offer the appropriated property for rent only on a temporary basis. It cannot negotiate a long-term lease, and therefore could not conceivably attract anyone to go to the expense of moving into the property on such a speculative temporary basis.
True, the occupant would pay more because he is in possession and needs time badly to relocate. He is under pressure. Time after time and in case after case the State has properly objected to comparable sales because the purchaser is an adjoining owner or is otherwise under pressure. It would appear that the same principle should apply here and that the words ‘ ‘ reasonable rent ” mean what the rental would be worth in the market place.
It certainly could not be the rental testified to by the experts in the case because their estimate of economic rent is based on normal conditions of landlord and tenant negotiating a mutually acceptable lease agreement.
It would appear that even in the case of an occupant remaining in possession, these circumstances have to be considered. He knows that he is being allowed to hold over only so long as the Department of Public Works permits him to. He is faced with the disruption of the normal use of his property and is making arrangements to relocate his business or residence. In some cases construction is imminent or has already started, as was the situation in this case.
To sum it all up, the appropriation of a piece of property causes a disruption of the normal situation. What is reasonable rent therefore must be established in the light of these circumstances. The court finds that the reasonable rental value of the property from March 3, 1966 to August 8, 1966 was $250 per month. The State’s counterclaim is allowed in the sum of $1,'291.65, which will be deducted from the $47,723.60, leaving a balance due the claimant for the appropriation of its property, the sum of $46,431.95. Judgment directed accordingly.