GLICKSTEIN, Judge.
Condemnees appeal the interest award in favor of the condemnors. We affirm.
Broward County brought this condemnation action in connection with the project to expand the international airport at Fort Lauderdale. Defendants/appellants owned and operated a specially constructed auto frame repair facility on the property sought to be condemned, identified in the proceedings as Parcel 173.
The county acted under the quick-taking statute. Appellants were paid $663,300 on December 12, 1984, pursuant to the order of taking. The county demanded possession of the property within ninety days of the order of taking. Appellants sought a year to enable them to construct a replacement facility or to change an existing building elsewhere to accommodate their specialized equipment.
Initially, the county represented that it had to have the property no later than February 1, 1985. Subsequently it appeared construction would not occur on the property until some time after November 1, 1985. Initially the court ordered appellants to surrender possession on March 15, 1985. The date was postponed twice: first to July 31,1985 and later to October 31,1985. The orders extending the dates stated the county would be entitled to interest or adjustment on any sums already drawn by the parcel’s owners.
The condemnation suit was tried to a jury, which rendered its verdict. Judgment in the amount of $1,135,000 was entered November .1, 1985. The trial court retained jurisdiction as to interest, costs, attorney’s fees and possession. The county paid into the court’s registry the $471,700 difference between the amount awarded and the amount paid at the time of the quick-taking. Subsequently a series of supplemental orders were entered respecting the subjects of retained jurisdiction.
Defendants/appellants appeal the order pertaining to interest, wherein the court ordered them to pay the county $72,693, as interest, for the period from December 12, 1984 to November 12, 1985, on the money paid by the county based on its good faith estimate of value. The issue, one of first impression, is whether the trial court erred in awarding the County/condemnor interest on the money it paid appellant at the time of the quick-taking, inasmuch as title in the property vested at once in the county, and the condemnees’ right to the money likewise vested at once. We conclude it did not.
*467 The essence of appellants’ argument is that the lost earning power of the unpaid portion of the value of the property during the period from November 1, 1984, to November 12, 1985, was charge enough for appellants’ use of the property, and therefore appellants should not also have to pay interest on the portion of the value that had been paid to them December 12, 1984. They urge that the statutory provision denying the former owners interest prior to the time of possession on the portion of the price not paid upon quick-taking is intended as compensation to the condemnor.
Chapter 74, Florida Statutes, provides for summary procedures for taking possession of property pending full condemnation proceedings. Title to the property passes to the condemnor, if it is a public body, upon its deposit in the court registry of the amount of the condemnor’s estimate of the value of the property being taken. § 74.-061, Fla.Stat. (1983). The court may disburse this money to the condemnee/land-owner. The court may fix the time within which and the terms on which the defendants shall be required to surrender possession of the property to the condemnor. § 74.051(3), Fla.Stat. (1983).
The condemnee who owns the property is entitled to a trial on the amount of just compensation for the property being taken. E.g., Daniels v. State Road Department, 170 So.2d 846 (Fla.1964). A twelve-person jury is empaneled as soon as is practicable to determine the amount of damages. § 73.071(1), Fla.Stat. (1983). As in other civil proceedings, the trial judge has the authority to amend an award made under eminent domain, to conform to the evidence, when the evidence is clear, sufficient and free of conflict as to the point dealt with in the amendment. Blinkman v. Dade County, 115 So.2d 23 (Fla. 3d DCA 1959).
Where property is taken for a public use in advance of judgment in eminent domain proceedings, interest is allowed only from the date the possession was surrendered to the date of payment, and only on the excess of the amount of the award over the value stated in the declaration of taking. § 74.061. It has been held the same section clearly and unambiguously precludes payment to the condemnee of interest on the money paid into the court registry by the condemnor. Hillsborough County v. Bennett, 167 So.2d 800 (Fla. 2d DCA 1964).
Appellants here claim they were in effect charged twice for their continued possession of the property after title had passed to the county: first by being denied interest under the statute on the difference between the value of the land as determined by the jury and the amount paid originally based on the county’s estimate of value; and secondly when the court ordered payment of $72,693 by appellants to the county, in the supplementary order for payment of interest.
The keystone of appellants’ argument is their claim that the nonpayment or nonpay-ability, according to statute, of interest on the amount by which the jury verdict exceeds the money deposited under the order of taking, is a charge for use and possession of the property. There is no Florida case law on this point, and most states do not have a statutory provision like Florida’s that makes the accrual date for interest on the unpaid excess value of the property the date possession, as distinguished from title, was surrendered. Michigan, however, has the same or a similar statutory provision, and a case involving the provision, as appel-lee points out. In that case the appellate court found that the statute does not expressly provide for payment of rent between technical transfer of title and actual surrender of the premises, albeit it denies interest on the judgment award for that period. City of Fenton v. Lutz, 73 Mich.App. 117, 250 N.W.2d 579 (1977). There the quick-taking order entered August 23, 1974, required the condemnees to surrender possession December 1, 1974. Subsequently the condemnees obtained an extension to February 1, 1975. The condemnor sought rent for the time — about five months — but the court found it was not entitled to it. We do not see how Fenton answers the question of whether the statutory bar to payment of interest for the period between passage of title and pas *468 sage of possession of the condemned property is in lieu of rent.
Common sense suggests the statutory provision is a carrot and stick approach to getting prompt surrender of possession of the condemned property. Non-entitlement of the former owner to interest on the unpaid part of the land value for any period prior to surrender of possession is thus in the nature of a penalty for not surrendering possession, rather than indirect payment of rent.
In states where there is no specific statutory bar to interest on the additional amount due because of the jury verdict, there is case law that indicates the date of the original payment and the passage of title is also supposed to be the date for surrender of possession. For example, the Connecticut statute states that the con-demnor may enter upon the land in accordance with the planned use of it, upon depositing the amount under the quick-taking order. This is construed as meaning that both title and right to possession vest as of the statutory taking date. Redevelopment Agency of City of Norwalk v. Norwalk Aluminum Foundry Corporation, 155 Conn. 397, 233 A.2d 1 (1967). Arkansas law is similar. See Capitol Monument Co. v. State Capitol Grounds Commission, 220 Ark. 946, 251 S.W.2d 473 (1952). Interest on the subsequent award in these and other states accrues as of the date the estimated just compensation is deposited, which is also the date both title and right of possession pass.
The county in the instant case considers this circumstance in other states to be support for accrual of interest, under Florida law, beginning with surrender of possession. We see no necessary link between what Florida law calls for and what happens in states whose statutes have no provision comparable to that in section 74.-061 about commencement of interest with surrender of possession. Case law of other states is of dubious precedential value when statutory provisions are involved that are significantly different from Florida’s. There is no conflict between the county’s thesis and the foreign cases, but the county’s thesis does not necessarily follow from those cases.
In Florida, according to the statute, interest on the subsequently determined value that exceeds the amount paid at the time of taking begins to accrue only at the time possession of the property is surrendered. If the land is condemned because the public entity requires the use of the land, it makes good sense that the con-demnor should not have to pay interest on the additional amount the jury finds was due, before the condemnor has possession.
Here, during the period from the county’s payment of its estimate of fair value — $663,000—to the time it received possession, the county had title to the property, but not its use. The condemnees continued to have the use of the property. To charge the condemnees, therefore, for the use of the county's $663,000, from the date of the quick-taking to the time possession of the property was surrendered, is entirely logical. Appellants had their cake or at least a part of it — the payment by the county for title and possession — and were eating it too — through continued possession of the property. They were not entitled to both the money and the possession of the property. Whether the interest ordered to be paid is viewed as interest on the money paid by the county without transfer of possession, as the court characterized it in its order, or as rent for property in which the county now held title, the order appears justified. This is the point the trial court made at hearing: “You used their money and stayed in the building.” It cannot be argued that the court lacked authority to assess rent, assessments, or other charges, as section 74.051(2), Florida Statutes (1983) authorizes the. court to make orders in respect of such matters so long as they are just and equitable.
Finally, the record fails to show that appellants objected, at the times extensions of the time of possession were granted to them, to the provision in the orders that interest would be assessed on funds already drawn by the condemnees for the property (or that some other adjustment would be made). It is therefore arguable *469 that the issue may not now be heard, by reason of estoppel. It might even be reasoned that the parties constructively agreed to have the trial court determine the amount of this adjustment. Cf. State by Mondale v. Bohnen, 273 Minn. 266, 140 N.W.2d 838 (1966).
Case law of other jurisdictions cited by appellants, in which rent to the condemnor was denied, is not helpful. The statutes are different in many of the other states; in other instances, there are legitimate set-offs or other reasons for the particular results. There are some cases in other jurisdictions where rent was awarded; if, as in Nanticoke Public Service Company v. Redevelopment Authority of Luzerne County, 41 Pa.Cmwlth. 74, 399 A.2d 429 (1979), for example, the condemnee received retroactive interest on the additional amount the jury awarded as compensation, all the way back to the prepayment date, it is only because that state’s statute is different from ours. Cf. State by Mondale v. Bohnen, 273 Minn. 266, 140 N.W.2d 838 (1966) (Court may properly give condemnor offset for condemnee’s use of the land after the taking, no greater than interest that would accrue on the amount awarded, between date of taking and date of relinquishment of possession).
Appellants argue if rent is to be charged there must be proof of reasonable rental value. There is logic to this. See, e.g., Falso Heating and Sheet Metal Co. v. State, 59 Misc.2d 12, 297 N.Y.S.2d 693 (Ct.Cl.1967). However, if the payment is interest for the condemnees’ use of the county’s money without relinquishing the land, and not rent, this argument fails. The question is then what is a reasonable rate of interest. Here the court’s answer was the statutory interest rate the county was required to pay, from the date possession was surrendered, on the difference between the jury award and the amount it prepaid to the condemnees. If this was a fair rate for the county to pay for, in effect, holding the condemnees’ money after receiving possession of the property, it was a fair rate for the condemnees to pay for the use of the county’s money while retaining possession of the property. The Bohnen case from Minnesota, cited above, tends to support this reasoning.
We think here the court in its discretion could come to the conclusion it reached. If it is fair and equitable for the county to pay at this rate for the constructive use of the condemnees’ money, it is likewise the proper rate for the condemnee.
In sum, as appellee suggests, the county’s practical interest in the property was in its use in connection with the public works project, not in the abstraction of holding title. By continuing to occupy the property, the prior owners frustrated the benefit the county sought when it applied the quick-taking statute. Yet the prior owners had simultaneously had the use of the property and of the county’s money for nearly a year. The taxpayers’ money should not be allowed to go for the unjust enrichment of private parties. Cf. article 7, section 10, Florida Constitution (prohibiting, with specific exceptions, a governmental entity from becoming a joint owner with a person or business entity, or giving, lending or using its taxing power or credit to aid such person or business entity).
DOWNEY and ANSTEAD, JJ., concur.