■ In the Matter of VILLAGE OF PORT CHESTER, Respondent, v MARIA MARTINEZ, Doing Business as MARK ANTHONY RESTAURANT, Appellant. [795 NYS2d 603]—

In a condemnation proceeding in which a tenant, Maria Martinez, doing business as Mark Anthony Restaurant, moved pursuant to EDPL 305 (B) to establish the fair and reasonable amount of money due to the petitioner for her use and occupancy of the condemned premises, Maria Martinez appeals from (1) a judgment of the Supreme Court, Westchester County (Rosato, J.), entered November 20, 2003, which, after a hearing, awarded the petitioner the principal sum of $36,550, and (2) an order of the same court entered March 15, 2004, which denied her motion pursuant to 22 NYCRR 202.48 to dismiss as abandoned the petitioner's claim for the fair and reasonable value of her use and occupancy of the subject premises.

Ordered that the order is affirmed; and it is further,

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Westchester County, for a new hearing in accordance herewith, and entry of an appropriate amended judgment; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The appellant rented the subject premises for the sum of $1,700 per month pursuant to the terms of a three-year commercial lease effective January 1, 1999 (hereinafter the prior lease). The premises were later condemned, and the petitioner was vested with title on August 1, 2000. The appellant remained on the premises until May 16, 2003, and from August 2000 until July 2001, paid the petitioner the sum of $1,700 per month for her use and occupancy of the premises. The appellant thereafter stopped paying the petitioner and, in October 2002, moved for a hearing "to establish the fair and reasonable amount" of money due for her use and occupancy of the premises (EDPL 305 [B]).

At the hearing, the petitioner presented no witnesses, but introduced into evidence a copy of the prior lease. The court determined that the fair and reasonable value of the appellant's use and occupancy of the premises was the amount of rent she had been paying under the prior lease, and asked the petitioner to submit a proposed judgment to that effect. More than three months later, the petitioner submitted a proposed judgment, which was entered by the court. The appellant then moved pursuant to 22 NYCRR 202.48 to dismiss as abandoned the petitioner's claim. The court denied the motion, finding that the petitioner had established good cause for the delay in submitting the proposed judgment.

Contrary to the appellant's contention, the court providently exercised its discretion in excusing the petitioner's delay in submitting a proposed judgment (*see Dime Sav. Bank of N.Y. v Anzel*, 232 AD2d 446 [1996]; *Thompson v Aim Rent-Car*, 227 AD2d 614 [1996]). Thus, the petitioner had not abandoned its claim for the fair and reasonable value of the appellant's use and occupancy of the premises. Nevertheless, we find that the court erred in determining that value, and therefore remit the matter to the Supreme Court, Westchester County, for a new hearing and entry of an appropriate amended judgment.

When determining the fair and reasonable value of the use and occupancy of condemned premises, a court should take into account, inter alia, the fact that such use and occupancy, which can be terminated at the condemnor's will, is temporary and of uncertain duration (*see Falso Heating & Sheet Metal Co. v State of New York*, 59 Misc 2d 12 [1967], *affd without op* 31 AD2d 716

[1968]; *see also City of Stockton v Albert Brocchini Farms, Inc.*, 92 Cal App 4th 193, 202, 111 Cal Rptr 2d 662, 668 [2001]; *State of Minnesota v Bohnen*, 273 Minn 266, 269, 140 NW2d 838, 841 [1966]). Here, the court failed to take that fact into account when it concluded that the fair and reasonable value was the amount of rent that the appellant had been paying under the prior lease, which had been entered into before the commencement of the condemnation proceeding and entitled the appellant, inter alia, to possession of the premises for three years. Accordingly, we reverse the judgment and remit the matter to the Supreme Court, Westchester County, for a new hearing and entry of an appropriate amended judgment.

In light of our determination, we need not reach the appellant's remaining contention. Schmidt, J.P., Krausman, Rivera and Fisher, JJ., concur.