ROSEN v. CITY OF DETROIT.

1. EMINENT DOMAIN — UNDER CONSTITUTION NECESSITY IS JURY QUESTION AND NOT LEGISLATIVE ONE.

Under the Constitution (Art. 13, §§ 1, 2), the question of necessity for taking private land for public use is not a legislative one, but is to be decided by a jury.

2. SAME—CONFIRMATION OF AWARD RESULTS IN FINAL JUDGMENT WHICH DRAWS INTEREST.

In condemnation proceedings pursuant to the statute, under the Constitution, the determination by the jury of both the necessity and the compensation to be awarded, on confirmation by the court, results in a final judgment, fixing the rights of the parties, and, under the statute, the judgment draws interest.

3. SAME — DETROIT CHARTER — CITY MAY NOT SET OFF RENTALS COLLECTED BY OWNER AFTER JUDGMENT AND BEFORE PAYMENT.

Since, under the charter of the city of Detroit, it is not entitled to the possession of land taken in condemnation proceedings until the compensation awarded therefor is paid, it is not entitled to set off against the total of judgment and interest the amount collected by the owner in rentals between the dates of final judgment and payment thereof.

Certiorari to Wayne; Smith (Guy E.), J., presiding. Submitted April 17, 1928. (Calendar No. 33,302.) Decided June 4, 1928.

Mandamus by Aaron D. Rosen and another to compel the city of Detroit and others to pay a balance due on an award in condemnation proceedings. From an order granting the writ, defendants bring certiorari. Affirmed.

[1]Eminent Domain, 20 C. J. § 111; 22 L. R. A. (N. S.) 64; 10 R. C. L. 183; 2 R. C. L. Supp. 987; 4 R. C. L. Supp. 657; 5 R. C. L. Supp. 547; 6 R. C. L. Supp. 604; [2]Id., 20 C. J. § 252; [3]Id., 20 C. J. § 227; 32 A. L. R. 102; 10 R. C. L. 163; 6 R. C. L. Supp. 602.

*Walter Barlow (Charles P. O'Neil,* of counsel), for appellants.

*Butzel, Levin & Winston,* for appellees.

CLARK, J.    The city of Detroit instituted, under its charter, proceedings to condemn lands of plaintiffs. The jury found necessity and awarded $86,000, which award was duly confirmed by the court on May 15, 1924, and judgment entered.    On May 23, 1925, the amount of compensation to be paid to plaintiffs was in the city treasury, secured to be paid.    Plaintiffs having remained in possession of the premises after judgment and having collected rents, a dispute arose relative to the right of the city to set off against the total of the judgment of May 15, 1924, and interest thereon, the total of an account of rents received by plaintiffs.    Plaintiffs, on May 23, 1925, without prejudice, accepted the amount offered by the city, $83,674.28, and brought mandamus to have determined the matter in dispute.    A judgment for plaintiffs is reviewed here by the city on certiorari.

In many jurisdictions, because of constitutional and statutory provisions, necessity is legislative.    It is declared by the legislature or by some agency exercising delegated legislative power, and such declaration is followed in due course by an assessment of damages by a commission or jury of inquest.    In a number of cases it has been held that, in assessing damages, an account of use and occupation by the landowner of his remaining in possession during the interval between the legislative declaration of taking and the assessment of damages may be made and considered in fixing compensation.    See 20 C. J. p. 806, 32 A. L. R. 102, note.    In this State necessity is not a legislative question (State Constitution, art. 13, §§ 1, 2) ; *Hendershott* v. *Rogers,* 237 Mich. 338.    In the case at bar, pursuant to the statute, under the Constitution, the jury by its award determined in one proceeding

both necessity and compensation, on which final judgment was entered. Of the character of such a judgment it is said in *Campau* v. *City of Detroit*, 225 Mich. 519 (32 A. L. R. 91) :

"When judgment was entered upon the award and no appeal taken, the rights and obligations of the parties were legally adjudicated and fully fixed. The amount of defendant's indebtedness for the land it compelled plaintiff to sell was as finally and forcibly determined as by any other judgment. Its absolute right and title to the property only awaited payment of a judgment, based on just compensation for the property at the time it was rendered."

And in that case it was held that the judgment entered upon the award draws interest at the statutory rate of 5% because it is a final judgment and because the statute provides that judgments draw interest.

According to the city charter the city was not entitled to possession of the land until it had secured the money to be paid to plaintiffs in satisfaction of judgment. Between the date of judgment, May 15, 1924, and May 23, 1925, plaintiffs remained in possession as of right. The city was not entitled to possession. No promise or obligation on the part of plaintiffs to pay the city for use and occupation during such period can be implied. No principle supports the demand that plaintiffs account for such use and occupation. An account of rents or of use and occupation may not be set up against the final judgment on the theory of determining compensation. Compensation had been determined finally. The tribunal whose province it was to determine it had finished its labors. We are dealing with a final judgment, not with compensation. The statute does not provide for taking account of use and occupation after judgment. It is anomalous that one must bring an action to determine the amount due on a final judgment.

Plaintiffs were entitled to the amount of the judgment with interest thereon.    The city, for the reasons stated, has no right to set off against the total of judgment and interest the claimed account for the use and occupation.

Moreover, as was said in *Brown* v. *United States*, 263 U. S. 78 (44 Sup. Ct. 92), this holding will have the "wholesome effect of stimulating the plaintiff in condemnation to prompt action," which is desirable and equitable, in view of the uncertainties and embarrassments attending the possession of the landowner during the period between judgment and payment.

Judgment affirmed.

FEAD, C. J., and NORTH, FELLOWS, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred.