STATE HIGHWAY COMMISSIONER *v.* MILLER.

1. EMINENT DOMAIN—AWARD—REVIEW BY COURT OF APPEALS—EVIDENCE.

The Court of Appeals in condemnation proceedings reviews the findings of damages merely to see that it is supported by the evidence and will not disturb the award made when it is so supported.

2. SAME—INSTRUCTIONS—MERCHANDISE AND MACHINERY—DAMAGES.

Instruction by judge to court commissioners in action to condemn a residence and gasoline station for highway purposes that "a decrease in the value of a stock of merchandise and machinery, if the amount of such decrease is established by satisfactory evidence, would be a proper element to be considered in determining damages for business interruptions" *held,* correct.

3. SAME—DAMAGES—INSTRUCTIONS—EVIDENCE.

Condemnation commission's award of $27,000 to owners of residence and gasoline station taken for highway purposes *held,* proper, where the award was within the range of the testimony submitted to the commission under proper instructions given by the court and was not excessive, being just compensation provided by the Constitution (Const 1908, art 13, § 1).

---

REFERENCES FOR POINTS IN HEADNOTES

[1]   27 Am Jur 2d, Eminent Domain § 471.
[2]   27 Am Jur 2d, Eminent Domain §§ 279, 285-287, 418.
[3]   27 Am Jur 2d, Eminent Domain §§ 427, 443, 468, 471.

Appeal from Alpena; Glennie (Philip J.), J. Submitted Division 3 October 7, 1966, at Grand Rapids. (Docket No. 958.) Decided January 10, 1967.

Condemnation petition on behalf of the State Highway Commissioner against Glenn Miller and Sarah Miller. Award of condemnation confirmed. Petitioner appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Louis J. Caruso,* Assistant Attorney General, and *Thomas D. Stone,* Special Assistant Attorney General, for plaintiff.

*Isackson & Beaudry (Robert W. Beaudry,* of counsel), for defendants Miller.

BURNS, P. J. The appellant, State highway commissioner, appeals the award of the condemnation commission confirmed by the circuit court, claiming: 1, the award exceeded the range of testimony; 2, the award was based on erroneous legal principles and was excessive; and 3, the court erred in its instructions allowing the commission to determine damages for the diminution in value of stock and merchandise (not affixed to the real estate) attributed to the condemnation.

In order to improve highway M–32, in 1963 it became necessary for the appellant to take by eminent domain proceedings .9 of an acre of a 4.6-acre parcel of land owned by the appellees. The "take" included appellees' house, gasoline station and auto repair shop, and several utility and storage buildings. Evidence offered to the court commissioners by both parties established that appellees' garage business, if not profitable, was, nevertheless, a going concern showing substantial gross sales at the time of the taking.

Appellees were unable to continue their business after the taking, and at the time of trial did not know whether they would relocate and reopen their garage.

Witnesses for the appellant estimated a minimum damage of $15,550 based on a before-after analysis.

Mr. and Mrs. Miller had purchased the 4.6-acre parcel with its improvements and personal property for $33,000 in 1957. Appellees offered testimony to prove damages in the amount of $31,535.75, calculated as follows:

| | |
|---|---|
| Value of entire parcel and buildings before the taking $27,000.00 | |
| *Less:* amount realized from sale of the 3.7-acre parcel remaining after the taking $ 1,200.00 | |
| Net loss on real estate and buildings .. | $25,800.00 |
| *Plus:* | |
| Cost of moving ....................... | $ 1,392.00 |
| Loss on sale of tail pipes ............ | $   393.75 |
| Loss of value of machinery and equipment based on a piecemeal sale rather than as a going concern (approximately) ............................ | $ 1,250.00 |
| Loss of value of inventory (approximately) ............................ | $ 2,700.00 |
| Total damages .............. | $31,535.75 |

The court advised the commissioners:

"The damages you will award, if determined on the proper basis, will be the just compensation required by Const 1963, art 10, § 2, which reads in part as follows:

" 'Private property shall not be taken for public use without just compensation therefor being first made or secured in the manner prescribed by law.'
\* \* \*

"Many technical rules have been laid down for determining value, none of which are real important. The determination of the value is not a matter of formulas or artificial rules, but a sound judgment and discretion, based upon a consideration of all the relevant facts in a particular case. * * *

"The owners of a business are entitled to the reasonable expenses incurred by them in detaching, moving and reattaching their equipment, machinery and fixtures.

"The definition of fixtures or equipment or machinery for which compensation may be allowed is very broad. Fixtures are not limited to things actually attached to a building. Fixtures may include small machinery, even hand tools. The test is whether or not it was the intent of the owner to permanently use the item in the operation of his garage business. If the answer is 'yes,' then the item is considered to be constructively annexed to the freehold, and a part of the owner's equipment and fixtures for which moving costs may be allowed.

"In addition to detaching and moving expense, the owner of a going business is entitled to compensation for his losses resulting from an interruption of that business as a result of the taking, provided such losses are such that would naturally or normally result from the interruption of the business, and are established by evidence not unduly speculative.

"A decrease in the value of a stock of merchandise and machinery, if the amount of such decrease, is established by satisfactory evidence, would be a proper element to be considered in determining damages for business interruptions."

The commission's award of $27,000 was confirmed by the trial court.

If the instructions given by the court were correct, both appellant's first and second claims of error fall, because the award was within the range

of the testimony submitted to the commission under the instructions given by the court and was not excessive.

In the case of *State Highway Commissioner* v. *Schultz* (1963), 370 Mich 78, the State highway commissioner asserted that the condemnation commissioners used an erroneous method to arrive at the award. Appellant's second claim of error in the present case raises the same issue. The Court stated in the *Schultz Case, supra,* on pp 84, 85:

"It is not within the province of the Court to review the question further than to see that the finding is supported by the evidence. * * * If the jury's award is within the evidence, it may not be disturbed on appeal."

Appellant's objection to the court's instruction which permitted the commission to include the cost of moving fixtures and personal property ($1,392), has been withdrawn due to the passage of PA 1965, No 40 (CL 1948, § 213.351 *et seq.* [Stat Ann 1965 Cum Supp § 8.214(1) *et seq.*]). This leaves for our consideration the challenge to the instructions allowing the commission to determine damages for the diminution in value of stock and merchandise (not affixed to the real estate) attributed to the condemnation.

There was testimony that the appellees would suffer a loss of $1,250 in the value of machinery and tools by selling them piecemeal instead of selling them as a going business. In addition Mr. Miller sold a group of tail pipes invoiced at $429 for $35.25, resulting in a loss of $393.75. Testimony also established that merchandise valued at $3,200 could be sold for only $500, resulting in a loss of $2,700.

The merchandise in the instant case was not sold over the counter, but consisted of parts

used to repair automobiles and sold in the course of repairs. These items were an intrinsic part of the business. The parts were used to obtain an end result—a repaired automobile. There is a similarity between the present case and *In re Slum Clearance Between Hastings, DeQuindre, Mullett Streets and Gratiot Avenue* (1952), 332 Mich 485, where the defendant was in the business of plating screws which necessitated the use of large tanks filled with chemical solutions. These solutions could not be moved, or could not be moved except at an expense greater than their value. The Court held that under the circumstances the defendant should have been allowed to offer proofs as to the loss of the chemical solutions.

It is our opinion that under the facts of the case at hand the trial court was correct in its instructions allowing the commission to determine the defendants' loss in value of the machinery, tools, and inventory. Any other decision would not insure "just compensation" as provided for by Const 1908, art 13, § 1 and Const 1963, art 10, § 2.

Judgment affirmed. Costs to appellee.

FITZGERALD and T. G. KAVANAGH, JJ., concurred.