CITY OF DETROIT v KRIM

1. EMINENT DOMAIN—CONDEMNATION PROCEEDINGS—BASIS FOR APPELLATE RELIEF.

An error in the computation of the value of a structure made by an appraiser in a condemnation proceeding will not be a basis for appellate relief where the opposing party cross-examined the witness on that point and called its own witness who testified as to the alleged error.

2. EMINENT DOMAIN—CONDEMNATION PROCEEDINGS—APPEAL—EVIDENCE SUPPORTING VERDICT.

The Court of Appeals does not hear an appeal from a judgment in a condemnation proceeding *de novo,* and the standard of review in such a case is whether the finding is supported by the evidence, so where the verdict of the jury is supported by evidence other than alleged erroneous computations of a witness, the finding will not be set aside.

3. EMINENT DOMAIN—CONDEMNATION PROCEEDINGS—INSTRUCTIONS TO JURY—EXPERT TESTIMONY.

Failure of a judge in a condemnation proceeding to give an instruction admonishing the jury that they need not rely on expert testimony and could consider the appraisal methods used by such experts is not prejudicial error where the instructions as given adequately admonished the jury on the points raised.

Appeal from Recorder's Court of Detroit, Mark S. Andrews, J. Submitted Division 1 June 14, 1972, at Detroit. (Docket No. 12469.) Decided November 28, 1972.

Petition by the City of Detroit for condemnation of certain property owned by Mac Krim and Leo-

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 27 Am Jur 2d, Eminent Domain §§ 375–384.

nard Krim. Judgment for the City of Detroit. Mac
Krim and Leonard Krim appeal. Affirmed.

*Michael M. Glusac,* Corporation Counsel, and
*Ronald R. Sogge,* Assistant Corporation Counsel,
for plaintiff.

*Gellert A. Seel, P. C.,* for defendants.

Before: V. J. BRENNAN, P. J., and QUINN and
O'HARA,* JJ.

PER CURIAM. Respondents are the owners of a
parcel of property located on 12th Street in the
City of Detroit. The city sought to acquire that
parcel as a part of its acquisition for the Virginia
Park Rehabilitation Project. A trial was conducted
in Detroit Recorder's Court at which the sole issue
was the fair market value of the property. The
jury apparently accepted the testimony of petition-
er's appraiser (that a building on the land was
worthless and only the value of the land was
relevant) and returned a verdict accordingly.

Respondents appeal from the trail court's denial
of their motion for a new trial and raise two
issues. Their first argument is that petitioner's
appraiser erred in the manner in which he com-
puted the value of the structure. This argument
does not state a basis on which appellate relief
may be granted. The respondents had the opportu-
nity to cross-examine the witness on this point and
in fact utilized that opportunity. Furthermore,
respondents' appraiser testified as to the alleged
error on the part of the city's expert.

We shall, nevertheless, treat this argument as
an allegation that the verdict of the jury was not

---

* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

supported by the evidence. The standard of review in such cases, as set forth by our Supreme Court in *State Highway Commissioner v Schultz,* 370 Mich 78, 84–85 (1963), is that:

"[I]t is not within the province of the Court to review the question further than to see that the finding is supported by the evidence. *Boyne City, G & A R Co v Anderson,* 146 Mich 328 (8 LRA NS 306, 117 Am St Rep 642, 10 Ann Cas 283) [1906]. If the jury's award is within the evidence, it may not be disturbed on appeal. *In re Petition of the City of Detroit for a Park Site,* 227 Mich 132 [1924]. We do not hear an appeal in a judgment from a condemnation proceeding *de novo. In re Petition of the City of Detroit for a Park Site, supra.*"

We have examined the testimony and concluded that the opinion of petitioner's appraiser was based on his conclusion that the effective life expectancy of the building was zero years. The verdict of the jury is supported by evidence other than the alleged erroneous computations and we therefore decline to set it aside.

Respondents also argue that the court erred by failing to give the following charge to the jury:

"Expert testimony is not competent that is based on unsupported assumptions of fact; or upon evidence so lacking in certainty that the jury cannot see the exact basis of fact for the opinion called for; or upon facts not submitted to the expert, but taken by him from what he has himself heard on the trial."

We feel that the following charge given by the trial court adequately admonished the jury that they need not rely on expert testimony and could consider the appraisal methods used by such experts.

"In determining the fair, cash, market value of each of these parcels, you may rely upon certain things; such

as, the view of the premises and their surroundings which you have had, the description of the physical characteristics of the property, and the situation in relation to various properties in the neighborhood. The opinions of competent expert witnesses. A consideration of the uses for which the land is adapted and for which it is available, the improvements, if they are such as to increase the market value of the land, the income from the land if the land is devoted to one of the uses to which it could be most advantageously and profitably applied. You may consider the opinions of witnesses, their estimates of value and their methods of arriving at the conclusions expressed but you are not bound by such testimony alone. You are to exercise your judgment, based upon your own knowledge gained from a view of the premises and your experience as freeholders and the evidence introduced in the case."

Respondents have failed to demonstrate any error inuring to their prejudice.

Affirmed.