STATE HIGHWAY COMMISSIONER *v.* HESSELL.

1. EMINENT DOMAIN—COMPENSATION—LAND—MINERALS.

Eminent domain powers extend not only to land but also may cover minerals in the land, and the applicable statute requires payment of just compensation for what is taken (CL 1948, § 213.171 *et seq.*, as amended).

2. SAME—COMPENSATION—VALUE OF MINERAL CONTENT—FEE SIMPLE TITLE.

The value of the mineral content of land must be paid for, when the mineral content of the land is what is taken by condemnation, even though the title acquired by condemnor is a fee simple.

3. SAME—COMPENSATION—VALUE—INCOMPATIBLE USES.

It would be error to add together the value of 2 incompatible uses of the same portion of land when determining damages in a condemnation action.

4. SAME—COMPENSATION—EVIDENCE—COMPONENT PARTS.

Record submitted in the instant condemnation *held*, to show no evidence of improper adding together of values of component parts of land condemned.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 26 Am Jur 2d, Eminent Domain § 173; 27 Am Jur 2d, Eminent Domain § 290.

Comment Note.—Determination in eminent domain proceedings of market value of land as affected .by mineral deposits or similar conditions. 156 ALR 1416.

[3] 27 Am Jur 2d, Eminent Domain §§ 266, 272, 279.

[4] 27 Am Jur 2d, Eminent Domain §§ 266, 272, 279–282, 435, 436.

[5] 27 Am Jur 2d, Eminent Domain §§ 470, 471.

[6] 26 Am Jur 2d, Eminent Domain § 173; 27 Am Jur 2d, Eminent Domain § 290.

[7] 27 Am Jur 2d, Eminent Domain §§ 286, 431.

Income as an element in determining value of property taken in eminent domain.   65 ALR 455.

[8] 27 Am Jur 2d, Eminent Domain § 471.

[9] 27 Am Jur 2d, Eminent Domain §§ 409, 419, 420, 423, 427.

[10] 27 Am Jur 2d, Eminent Domain §§ 471, 472.

5. SAME—APPEAL.
   The Court of Appeals does not hear case *de novo* in an appeal from a judgment in a condemnation proceeding, and reverses only for substantial error.

6. SAME—COMPENSATION—MINERALS—VALUE—VOLUME.
   Award by condemnation commission which was based on evidence of valuation of minerals on a cubic yard basis in land condemned, *held*, not error.

7. SAME—VALUATION—CAPITALIZATION OF INCOME—EVIDENCE.
   The method of capitalization of income is a proper valuation method to be used in land condemnation cases and testimony by witnesses using such method is competent evidence.

8. SAME—EVIDENCE.
   An appellant in proceedings to condemn land may not be heard to claim that its own evidence, used in part by condemnation commissioners, was incompetent.

9. SAME—COMMISSIONERS—KNOWLEDGE AND EXPERIENCE.
   It is not an abuse of discretion for commissioners in condemnation case to rely on their own knowledge and experience as freeholders in the area where the land is taken.

10. SAME—AWARD—SCOPE OF EVIDENCE.
    A condemnation award will be upheld on appeal if it is supported by competent evidence as long as the amount is not lower than the minimum, or higher than the maximum valuation placed by the witnesses on the property sought to be condemned.

Appeal from Macomb; Carroll (Howard R.), J. Submitted Division 2 October 6, 1966, at Lansing. (Docket No. 735.) Decided January 10, 1967.

Condemnation proceeding by State Highway Commissioner against Walter Hessell and Irene Hessell and others. Award of condemnation commission confirmed by circuit court. Plaintiff appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, and *Louis J. Caruso*

and *David P. Van Note,* Assistant Attorneys General, for plaintiff.

*George F. Roberts,* for defendants.

McGREGOR, J.  The agreed statement of facts shows that the Michigan State highway department by condemnation proceedings, on October 17, 1961, acquired title in fee simple to 39.5 acres of land owned by Walter and Irene Hessell.  The condemned tract was part of a larger tract of approximately 260 acres owned by appellees, and was adjacent to an interstate highway right-of-way.  The land was condemned for "borrow-earth" purposes for its mineral content of sand, gravel, and clay to be used in construction of the interstate highway.

The record established that the highway commission determined by extensive tests made prior to the condemnation proceedings, that there was approximately 1,155,000 cubic yards of sand material on the 39.5-acre parcel.

According to the appellant's evaluation testimony, the highest and best use of the 39.5-acre parcel was for agricultural purposes.  Such finding was based mainly upon the contiguity of the smaller tract with the remaining land of the appellees, the use of the remaining land, the past and present use of the smaller tract, and the market sale of comparable property.  The two State expert witnesses set the value of the condemned land at $10,000 and $12,000 respectively, using the method of evaluing the land of the appellees before and after the 39.5-acre tract was condemned.  The State did not allow for the value of the mineral deposits.  The reasons given by the State highway commissioner for so acting were because there was other sand available in the area and the open pit on the condemned land was

operated by the appellees as a side-line to farming. In recent years the pit had produced less than $2,000 per year in income. The pit was a distance from a prime market and most of the 39.5-acre parcel was used for farm purposes.

The appellees' expert witnesses set the highest and best use of the condemned land as a sand and gravel pit. The reasons of the appellees' experts for so acting was because of the quantity of sand on the parcel, the history of a profitable open gravel pit, the condemnation for "borrow-earth purposes", and the demand for sand in the area. The appellees' expert witnesses valued the 39.5-acre parcel by multiplying the value of the minerals per cubic yard by the volume of the minerals on the parcel. They set the value as $288,750 and $235,000 respectively. Two real-estate valuation experts testified that the correct method of appraising income land was to capitalize the income and determine the present worth of future net earnings from the land.

On rebuttal, the appellant's expert witnesses testified that under the capitalization of income method, the proper value for the parcel of land would be $15,600. Such value was based on excavation of the gravel at its past rate for the next 100 years. (The commission's written opinion indicates that a State appraiser testified that it would take 199 years to deplete the same.)

The court commissioners awarded compensation for the condemned land in the amount of $112,012.79 and ordered the appellant to pay costs of $6,492, which award was confirmed by the circuit court.

The appellant challenges the award on the theory that the value of the parcel was improperly computed by separating the component elements of the land condemned, that the mineral evaluation method was improper, and that the condemnation commission

improperly drew upon its own experience and knowledge for material factors in the decision which were not a part of the record.

This case follows a familiar pattern frequently found in condemnation cases. The condemnor produces expert witnesses who place a low valuation on the property, while the owners produce expert witnesses who place a high valuation on the property. Land may be measured by different valuation yardsticks, and depending upon the yardstick used, either the high or the low figure could be the proper valuation of the property.

It is undisputed that the parcel in question was condemned for its mineral content and that there was an open and profitable gravel pit located thereon. The fact that the appellant condemned and acquired title in fee simple only clouds the true facts of the case. Eminent domain powers extend not only to land but also may cover minerals. 29A CJS, Eminent Domain, § 174. The applicable statute, PA 1925, No 352, as amended, CL 1948, § 213.171 *et seq.* (Stat Ann 1958 Rev § 8.171 *et seq.*), requires the payment of just compensation for what is taken. Since the mineral content of the land is what was taken, the mineral content value must then be paid. The appellant contends that error was committed in adding together the component parts of the parcel to arrive at larger than the true value. An error of this sort would lie if the loss of two different uses of a portion of the land were added together. See Bienenfeld, 1963, Annual Survey of Michigan Law of Real and Personal Property, 10 Wayne L Rev 219, 229, 230, (1963). From the record submitted, we find no evidence of the improper adding together of component parts in this case.

In an appeal of a judgment from a condemnation proceeding we do not hear the case *de novo*. *In re*

*Petition of the City of Detroit for a Park Site* (1924), 227 Mich 132; *State Highway Commissioner* v. *Schultz* (1963), 370 Mich 78. We limit our decisions to affirming or reversing for substantial error.

It is the opinion of this Court that the condemnation commission did not commit reversible error by taking into consideration the value of the minerals condemned on a cubic yard basis. Its award was based upon evidence within the range of competent testimony. The circuit court did not abuse its discretion in confirming the award. An award very similar to the one made in this case was undisturbed by the Supreme Court in *State Highway Commissioner* v. *Schultz, supra.*

The appellant urges that the award in this case should be reversed on the basis of the holding in *State Highway Commissioner* v. *Fegin* (1966), 2 Mich App 698. We can not agree with the appellant. The *Fegin Case, supra,* allowed the cubic yard value of minerals to be taken into effect in the condemnation of an interest in land. The appellant seeks to draw fine distinctions based on the form of condemnation. No amount of legal niceties can cover up the fact that the appellant condemned an open sand and gravel pit of the appellees for the purpose of extracting sand material therefrom. The appellant must pay for what it takes by condemnation and it cannot avoid its constitutional duty by mere semantics.

The appellant also attacks the propriety of the capitalization of income method of valuation. There is no question that the method is properly a valuation method and is competent evidence. The competence of such testimony has been impliedly, if not expressly, conceded by the appellant in its use of the method in the rebuttal before the condemnation commission. There is no merit in the appellant's

contention that the commission abused its discretion in accepting figures to be used in the capitalization of income method, other than the exact figures presented by the appellant's expert witness. The record shows that the commissioners were experienced in condemnation proceedings. There is evidence that the commissioners used the evidence submitted by the appellant's expert witness for its findings on capitalization of income. The appellant will not be heard to claim that its own evidence was incompetent.

On the appellant's contention that the commissioners wrongfully relied on their own judgment and experience, we find the holding of the Michigan Supreme Court in *State Highway Commissioner* v. *Schultz, supra,* at page 85, is controlling:

"The commissioners are expected to view the premises and to use their own knowledge gained from such view and their experience as freeholders, as well as the testimony of witnesses as to matters of opinion."

We find no abuse of discretion in the commissioners' relying upon their own knowledge and experience as freeholders in the area.

The appellant has conceded that a condemnation award is legal, if made within the scope of the competent evidence. A list of citations supporting this rule would be too voluminous to set down. In considering the matter, the Supreme Court has stated, in *Department of Conservation* v. *Connor* (1947), 316 Mich 565, at page 583:

"A verdict will be upheld in this Court if it is supported by competent evidence as long as the amount is not lower than the minimum, or higher than the maximum valuation placed by the witnesses on the property sought to be condemned."

The decision of the circuit court confirming the condemnation commission's award is affirmed. Costs to appellees.

QUINN, P. J., and N. J. KAUFMAN, J., concurred.