# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT A. D'ANNIBALLE,

Petitioner-Appellant,

v

TOWNSHIP OF LYON,

Respondent-Appellee.

UNPUBLISHED
March 22, 2018

No.  335953
Tax Tribunal
LC No.  16-000617

Before:  SAWYER, P.J., and BORRELLO and SERVITTO, JJ.

PER CURIAM.

Petitioner appeals as of right from the Tax Tribunal's November 10, 2016 final opinion and judgment assessing the true cash value (TCV) of respondent's home for 2016 at $345,000, the state equalized value (SEV) at $172,500, and the taxable value (TV) at $155,000.  We affirm.

## I.  FACTS

Petitioner's home is a one-story structure with an attached two-car garage, built in 2013. Respondent assessed petitioner's property for the 2016 tax year and eventually revised the assessment as follows: TCV ($345,000), SEV ($172,500), and TV ($155,560).  These revised values were apparently confirmed by the Lyon Township Board of Review.  Petitioner appealed, alleging that the valuations were too high and that the square footage of his home was misrepresented.  He asserted in part that the value should be calculated by averaging the square foot value of homes around him from three different sources.  Following a hearing before a Tax Tribunal hearing referee, the referee accepted respondent's contention that petitioner's methods were not recognized and were less reliable than its methodology, which compared the value of homes that were sold recently in close geographic proximity to petitioner's home, and adjusted for market adjustments.  The hearing referee issued a proposed opinion and judgment adopting respondent's revised valuation figures.  Petitioner filed exceptions to the referee's proposed opinion and judgment.  The tribunal rejected petitioner's arguments.

## II. ANALYSIS

Petitioner first argues that the Tax Tribunal made an error of law when it accepted wrong valuation principles and relied on inaccurate information in adopting respondent's calculation of the TCV for petitioner's home.  Petitioner avers that using the average price per square foot of

neighboring homes would have been a more accurate method reasonably related to assessing TCV than respondent's comparable sales, i.e., market approach. We find no error.

This Court's ability to review decisions of the Tax Tribunal is very limited. *President Inn Properties, LLC v City of Grand Rapids*, 291 Mich App 625, 630; 806 NW2d 342 (2011), citing *Columbia Assoc, LP v Dep't of Treasury*, 250 Mich App 656, 665 (2002). Michigan's Constitution provides: "In the absence of fraud, error of law or the adoption of wrong principles, no appeal may be taken to any court from any final agency provided for the administration of property tax laws from any decision relating to valuation or allocation." *President Inn Properties, LLC*, 291 Mich App at 630-631, citing Const 1963, art 6, § 28. Thus, this Court's "review of decisions of the Tax Tribunal, in the absence of fraud, is limited to determining whether the tribunal made an error of law or adopted a wrong principle; the factual findings of the tribunal are final, provided that they are supported by competent and substantial evidence." *Antisdale v Galesburg*, 420 Mich 265, 277; 362 NW2d 632 (1984).

The petitioner has the burden to establish the true cash value of property before the Tax Tribunal. MCL 205.737(3). In a property tax dispute, "the petitioner must prove by the greater weight of the evidence that the disputed assessment was too high on the basis of the Tax Tribunal's findings of true cash value." *Forest Hills Co-operative v City of Ann Arbor*, 305 Mich App 572, 588; 854 NW2d 172 (2014), citing *Great Lakes Div of Nat'l Steel Corp*, 227 Mich App 379, 409-410; 576 NW2d 667 (1998). Michigan courts have considered true cash value as being synonymous with "fair market value." *Meadowlanes Ltd Dividend Housing Ass'n v City of Holland*, 437 Mich 473, 484 n 17; 473 NW2d 636 (1991); see also *Great Lakes Div of Nat'l Steel Corp*, 227 Mich App at 389. "Provisions in the Tax Tribunal Act concerning the burden of proof and the de novo nature of the Tax Tribunal proceedings, MCL 205.735; MSA 7.650(35) and MCL 205.737; MSA 7.650(37), have been construed as imposing the burden on the petitioner to establish true cash value while, at the same time, imposing a duty on the Tax Tribunal to make an independent determination of true cash value." *Great Lakes Div of Nat'l Steel Corp*, 227 Mich App at 409. Thus, the Tax Tribunal cannot attach a "presumption of validity" to the challenged assessment. *Id*.

Other than providing a broad framework and factors to be considered, the Legislature has not specified methods of valuation that assessors such as respondent must employ. *Antisdale*, 420 Mich at 275-276. Michigan courts have generally recognized that the "three most common approaches to valuation are the capitalization-of-income approach, the sales comparison approach, and the cost-less-depreciation approach." *Jones & Laughlin Steel Corp v City of Warren*, 193 Mich App 348, 353; 483 NW2d 416 (1992). The Michigan Supreme Court has explicitly endorsed these three common valuation techniques. See *Antisdale*, 420 Mich at 276-277 n 1. In *Antisdale*, 420 Mich at 276-277 n 1, the Supreme Court provided a description of the comparable sales, i.e. market approach valuation each party used, which was taken from the Michigan State Tax Commission Assessor's Manual:

*Market Approach*

"The market value of a given property is estimated by comparison with similar properties which have recently been sold or offered for sale in the open market. The principle of substitution is applied, i.e., when property is replaceable,

typical buyers will not purchase it at a higher price than those paid for similar properties with comparable locations, characteristics, and future earning capabilities. Of all appraisal methods the market data approach is the most direct, the best understood, and the only one directly reflecting the balance of supply and demand for a whole property in actual market place trading." 1 State Tax Comm Assessor's Manual, Ch VI, pp 1-2.

Not included above are *Antisdale's* descriptions of the "cost-less-depreciation" and "income" approaches. Variations of these approaches and entirely new methods may be useful if found to be accurate and reasonably related to the fair-market value of the subject property. *Antisdale*, 420 Mich at 277, n 1. Our state's Supreme Court also accompanied the aforementioned footnote with a caution that, "by listing and providing capsule descriptions of these three methods we do not intend to preclude the development or use of other valid methods to valuation." *Id*. "Regardless of the valuation approach employed, the final value determination must represent the usual price for which the subject property would sell." *Meadowlanes*, 437 Mich at 473. In other words, a valuation method is only wrong if it does not lead to the most accurate determination of the taxable property's true cash value. Thus, the Tax Tribunal has a duty "to select the approach which provides the most accurate valuation under the circumstances of the individual case." *Antisdale*, 420 Mich at 277; see also *Jones & Laughlin*, 193 Mich App at 353.

Petitioner described his "averaging" approach for finding the TCV and provided his calculations to the tribunal. He averaged the prices of ten homes in proximity to his, the prices of which were listed on Zillow, and divided the price listed by the home's listed square footage to obtain a value of price per square foot. He then obtained figures from Tanglewood, a developer of homes in his subdivision, for the price per square foot of 18 homes in close proximity to his own. Petitioner also obtained the average price per square foot for homes in proximity to his own from the city assessor. He then averaged the price per square foot from each of these three lists, and obtained an average price per square foot. He multiplied his home's square footage of 2055 by this average price per square foot of $134.44, and calculated the TCV value of his home as $282,500, the SEV value as $141,250, and the TV value as $141,250.

Respondent argued that the sales comparable approach was correctly used in calculating the value of the property because other properties used were located within close proximity to petitioner's property. Respondent indicated that the comparable properties used were ranch homes like petitioner's home.

The Tax Tribunal was under no obligation to accept the valuation figures or the approach to valuation advanced by either petitioner or respondent. *Teledyne Continental Motors v Muskegon Twp*, 145 Mich App 749, 754; 378 NW2d 590 (1985). The tribunal "may accept one theory and reject the other, it may reject both theories, or it may utilize a combination of both in arriving at its determination." *Jones & Laughlin*, 193 Mich App at 356. The Tax Tribunal may correlate, reconcile, and weigh valuations derived under various approaches with the ultimate goal of considering all factors under the circumstances in determining the fair market value of the subject property. *Meadowlanes*, 437 Mich at 485-486.

A property's assessed valuation on the respondent's tax rolls carries no presumption of validity. *Consol Aluminum Corp, Inc v Richmond Twp*, 88 Mich App 229, 232; 276 NW2d 566

(1979). Further, the Tax Tribunal "cannot merely affirm the assessment as placed upon the rolls by the assessing authority." *Oldenburg v Dryden Twp*, 198 Mich App 696, 699; 499 NW2d 416 (1993). Thus, the tribunal may not automatically accept the taxing authority's assessment because "[t]he Tax Tribunal has a duty to make its own, independent determination of true cash value." *Id*. at 389. However, the Tax Tribunal may adopt the assessed valuation on the tax rolls as its independent finding of TCV and TV when competent and substantial evidence supports doing so. *Antisdale*, 420 Mich at 277.

In its final opinion and judgment, the Tax Tribunal "adopt[ed] the modified proposed opinion and judgment as the [t]ribunal's final decision in this case. The [t]ribunal also incorporates by reference. . . the Findings of Fact and Conclusions of Law contained in the Proposed Opinion and Judgment. . . ." In its proposed opinion and judgment, the tribunal found that petitioner did not support his contention of the true cash value by a recognized valuation approach and that respondent's sales comparable analysis was a reliable indicator of value because it utilized sales comparables, which were arms length transactions, located within close proximity to the subject property, and had market based adjustments. It also stated that respondent's sales comparables were "similar in style, age, square footage, lot size and other amenities to the subject property."

The Tax Tribunal did not make an error in law or apply an incorrect principle in independently determining the subject property's TCV when it adopted the respondent's revised assessed valuations. There was competent and substantial evidence in the record supporting the tribunal's determination. This Court must "accept the tribunal's factual findings as final, provided they are supported by competent, material, and substantial evidence. Substantial evidence must be more than a scintilla of evidence, although it may be substantially less than a preponderance of the evidence." *Jones & Laughlin,* 193 Mich App at 352-353 (citations omitted). " 'Substantial' means evidence that a reasonable mind would accept as sufficient to support the conclusion." *Great Lakes Div of Nat'l Steel Corp v City of Ecorse*, 227 Mich App 379, 388-389; 576 NW2d 667 (1998) (citations omitted). The Tax Tribunal weighed the support petitioner provided for his TCV calculation. The tribunal highlighted that petitioner's "mechanical calculations," though not foreclosed by Michigan courts, were not a recognized approach to obtaining a reliable TCV value. The tribunal concluded that respondent's sales comparison method was a recognized approach and that petitioner did not provide support for why his calculations were more accurate than values included in respondent's assessments. This Court must grant the tribunal wide latitude in conducting proceedings. *President Inn Properties, LLC,* 291 Mich App 625. One of the tribunal's core functions is reviewing the parties' valuation calculations, assessing what may be required to produce an accurate assessment from them, and ascertaining if one party's calculation method and assessment is more accurate than the other. This salient background further underlies the context from which the tribunal made its assessment. The tribunal could have rejected respondent's calculations if they were incorrect, or if respondent used the wrong principles in reaching its assessment values. Instead, the tribunal adopted respondent's findings and found that petitioner did not carry his burden in showing why respondent's assessments were inaccurate. The tribunal bolstered its position that petitioner's calculations were less accurate than respondent's by elucidating the nature of both party's assessments.

It is logical that petitioner's TCV calculation, based on the average square feet of homes in "close proximity" to his own, would be less accurate than respondent's TCV calculation that examined homes themselves that were similar in "square footage, lot size, and various other amenities" to the subject property, and then adjusted for market considerations. Respondent's sales comparison approach included more factors influencing and indicating value than petitioner's approach. This fact itself suggests that respondent's calculations were more accurate than petitioner's. Petitioner could have supported his calculations with further evidence or by illustrating what other factors he used to assess value beyond a square foot value comparison. Instead, he merely asserted that his assessment using a square foot comparison was more accurate than respondent's assessment. In light of these considerations, the tribunal was free to determine that respondent's TCV value was more accurate than petitioner's calculation. Furthermore, petitioner has not supported his contention beyond asserting that it is accurate, and he cannot leave it to this Court or the tribunal to discover or rationalize the basis for his claim. *Goolsby v Detroit*, 419 Mich 651, 655, n 1; 358 NW2d 856 (1984). The facts support the tribunal's conclusion that petitioner did not carry his burden in establishing that respondent's calculations were wrong.

Further, a common observation undermines the accuracy of petitioner's assessment approach. Neighborhoods often contain homes of many different types, sizes, shapes, and various amenities and levels of luxury. Petitioner's valuation method fails in part because of this observation. Calculations based on homes in close proximity to petitioner's own would not automatically be analogous properties, capable of providing insight into the value of petitioner's property, merely because of their short distance from the subject property.

The accuracy of the tribunal's final TCV valuation is reinforced by the fact that the figure is within the range of valuations in evidence. During the proceedings, the assessed valuations of petitioner's home on the tax rolls were placed into evidence, and there was argument from both petitioner and respondent, where differing appraisal values were submitted to the tribunal. In other contexts, this Court has found no clear error by the fact-finder when it determines that the value of property lies within the range of values as testified to by experts. *President Inn Properties, LLC*, 291 Mich App at 642. For example, a jury award in a condemnation case " 'will be upheld . . . if it is supported by competent evidence as long as the amount is not lower than the minimum, or higher than the maximum valuation placed by the witnesses on the property. . . .' " *Id.*, citing *State Hwy Comm'r v Hessell,* 5 Mich App 559, 565; 147 NW2d 464 (1967) (citation omitted). And in the context of valuing marital assets, a trial court does not commit clear error when its valuation is "within the range of figures given by the parties' experts . . . ." *Id.*, citing *Rickel v Rickel,* 177 Mich App 647, 650; 442 NW2d 735 (1989). At the low-end of the valuation spectrum, petitioner claimed the TCV for the property was $282,500. At the high-end of the spectrum, the original assessment set the property's TCV at $363,200. The tribunal adopted respondent's revised TCV for the property, rendering a final assessment of $345,000. The tribunal's assessment is between the low-end and high-end figures for the TCV of petitioner's home that were placed in evidence.

Because petitioner did not carry his burden in establishing that respondent's revised calculation for his home's TCV was wrong, the tribunal's valuation was within the range of valuations in evidence, *President Inn Properties, LLC*, 291 Mich App at 642, and the tribunal's

valuation was supported by competent and material evidence, this Court must affirm. *Antisdale*, 420 Mich at 277.

Petitioner next contends that the tribunal's conclusion with regard to his property's taxable value contains an error of law and was made while adopting the wrong principle. Michigan's constitution provides for the uniform taxation of property assessed at not in excess of 50 percent of its true cash value. Const 1963, art 9, § 3. MCL 211.217 provides that a property's taxable value must be less than the property's state equalized value or "capped taxable value."

Petitioner averred that respondent's TCV assessment was too high and therefore violated the Michigan Constitution because the TV would be over 50% of the most accurate estimate of the home's TCV (his own estimate). In rejecting this claim, the tribunal did not commit an error or apply an incorrect principle. First, respondent's calculated taxable value for petitioner's home is below the maximum taxable value allowed by the Michigan Constitution. Respondent's TCV assessment, and the tribunal's adoption of that assessment, was supported by substantial and material evidence. Given that the taxable value of a property cannot be more than 50% of that property's TCV, the maximum allowable TV for petitioner's property was $172,500. The property's TV must also be below the assessor's SEV for the subject property. MCL 211.217. Here, respondent calculated the property's SEV to be $172,500. The tribunal found that respondent's revised taxable value for petitioner's property was acceptable at $155,560. This figure is less than 50% of the TCV and SEV of petitioner's property, and it therefore is appropriate and does not violate the Michigan Constitution.

Affirmed.

/s/ David H. Sawyer
/s/ Stephen L. Borrello
/s/ Deborah A. Servitto